IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GILBERT CHAVEZ,**

       **Plaintiff,**

vs.                                                                               Civ. No. 04-682 RHS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

    1.  This matter comes before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing ("Motion"), filed February 22, 2005 **[Doc. 13]**, following the Commissioner's denial of Plaintiff's claim for Social Security Disability Insurance ("SSDI") benefits. Plaintiff alleges a disability due to two back fusions, pain and PTSD [Post Traumatic Stress Disorder]. (Tr.[1] at 45.) Plaintiff, who was born on October 10, 1949, has a high school diploma and served in the U. S. Army from 1968 to 1970 (including combat duty in Vietnam). (Tr. at 22, 41.)[2]

    2.  Plaintiff was previously found to be disabled beginning on October 15, 1969. (Tr. at 21.) However, the Commissioner determined that Plaintiff's disability ceased in May of 1983, and his benefits were terminated as of August of 1983. (Tr. at 82-84.) Plaintiff subsequently filed a claim on October 31, 1989 (which was technically denied) and a claim on June 9, 1998 (the current application for benefits). (Tr. at 21.) On February 22, 2000, the Administrative Law Judge ("ALJ") concluded that the June 9, 1998 application was barred on the basis of *res*

---

    [1]Tr. = Administrative Transcript.

    [2]The ALJ determined that Plaintiff "has no vocationally relevant past work experience." (Tr. at 22.)

*judicata*. (Tr. at 22.)  On July 19, 2001, the Appeals Council vacated the ALJ's decision and remanded the claim, noting an un-adjudicated period from June 1, 1983 through March 31, 1985 (Plaintiff's date last insured).  (Tr. at 22.)

3. Upon remand, the ALJ found that Plaintiff was capable of "perform[ing] a full range of light exertional level work" and concluded that Plaintiff was not disabled during the relevant time period. (Tr. at 30.)  On April 15, 2004, the Appeals Council denied Mr. Chavez's request for review, thus the ALJ's decision is the final decision of the Commissioner.  (Tr. at 5.)  Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

5. Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) "the ALJ erred in finding the [Plaintiff's] PTSD to be nonsevere"; (2) "the ALJ failed to consider the VA [Veteran's Administration] 1973 finding of 100% disability"; and (3) "the ALJ did not provide a due process hearing".  (Plaintiff's Memorandum in Support of Motion ("Memo") at 5, 10, 12 **[Doc. 14]**.)

6. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §§423 (d)(1)(A) & 1382c(a)(3)(A)).  Social Security Regulations require the

Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. See id.; 20 C.F.R. §§ 404.1520(a - f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  See  Thompson, 987 F.2d at 1486 (citations omitted).

      7.   At the first four levels of the evaluation, the claimant must show:  (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done in the past.  At the fifth step, the Commissioner has the burden of producing evidence regarding the claimant's ability to perform other work.  See Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

      8.   Plaintiff injured his back in 1969 when the vehicle in which he was riding hit a land mine.  (Tr. at 548.)  He eventually underwent two back fusions.  (Id.)  Plaintiff testified that he sought psychiatric services in 1981, because his "Vietnam trauma was coming back to me and I was having nightmares and I just couldn't handle it . . . but they didn't recognize PTSD [at that time]."  (Tr. at 549.)  Plaintiff claims "the[y] [now] recognize it and now they're dealing with the treatment."  (Id.)

**First Alleged Error** - *whether the ALJ erred at step two*

      9.   At step two, the ALJ found that Plaintiff "had an impairment due to . . . a post-traumatic stress disorder which" was "not severe."  (Tr. at 29.)  The ALJ concluded that the records revealed "that [Plaintiff] did not complain of mental symptoms such as anxiety or depression and did not receive counseling, medication, or any other treatment for any mental

problem during the period in question." (Tr. at 26 (emphasis in original).) The ALJ pointed to medical records from May and June of 1982[3] as "suggest[ing] that the claimant was not experiencing symptoms of anxiety, depression, or PTSD at a level which would have caused more than minimal work related limitations." (Tr. at 26.) Plaintiff contends that the ALJ erred in reaching this finding by: (1) relying on Mr. Chavez's failure to seek treatment to discount his mental impairment, and (2) failing to acknowledge relevant medical evidence.

10. "[A]lthough a severe impairment must 'significantly limit an individual's physical or mental ability to do basic work activities,' 20 C.F.R. § 404.1521, we have held that this is a 'de minimus' showing at step two of the five-step process. Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir.1997) (citing Williams v. Bowen, 844 F.2d 748, 751 (10th Cir.1988))." Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). "A claim may be denied at step two only if the evidence shows that the individual's impairments . . . do not have more than a minimal effect on the person's physical or mental ability to perform basic work activities."[4] Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3.

11. On August 27, 1984, after examining Mr. Chavez, Samuel Glover, M.D. (neuropsychiatrist) noted that Plaintiff's "mood is slight to moderately depressed" and diagnosed him with Depressive Neurosis and Dependent Personality Disorder. (Tr. at 449.) Dr. Glover opined that Plaintiff's "psychosocial stress is . . . moderate [,]. . . . [h]is highest level of adaptive

---

[3]This time frame preceded the beginning of the relevant time period by approximately one year.

[4] Examples of basic work activities include: understanding, carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. SSR 85-28, 1985 WL 56856, at *3.

4

functioning in the past year is . . . fair . . . . [and] [t]here is *moderate impairment in his occupational functioning*." (Tr. at 450 (emphasis added).)  In addition, a VA "C-File" note, apparently referencing Dr. Glover's psychiatric examination, indicates that Plaintiff's VA disability rating for Depressive Neurosis was increased from 0% on September 1, 1977 to 10% as of June 19, 1984.[5]  (Tr. at 453.)

12. This evidence potentially undermines a finding that Plaintiff's mental impairment was not severe at step two and should have been considered by the ALJ.[6]  Although the ALJ is not required to *discuss* every piece of evidence, "[t]he record must demonstrate that the ALJ *considered* all of the evidence." Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (emphasis added); 20 C.F.R. § 404.1527 (b), (d) (providing that in determining disability, the ALJ must consider and evaluate every medical opinion, together with other relevant evidence).  Here, the record demonstrates that the ALJ did not consider this evidence.

13. Neither the transcript of the administrative hearing nor the ALJ's decision contains any reference to Dr. Glover's opinion or the VA disability rating increase in June of 1984 for Plaintiff's depressive neurosis.[7]  Indeed, the ALJ declared that "[t]he record does not contain any

---

[5]The note also states that a "[m]oderate degree of disability is shown" and "[d]epressive neurosis is shown to be of moderate degree of severity." (Tr. at 453.)

[6]See e.g., Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005) (holding that "the ALJ's failure to discuss the significance of the VA's disability evaluation in concluding that Grogan had not met the 'de minimus' required showing of a severe impairment at step two was reversible error"); Betts v. Barnhart, 96 Soc.Sec.Rep.Serv. 454, 2004 WL 1078141, at *7 (D.Kan. 2004) (not reported in F. Supp.2d) (citing Edgar v. Shalala, 859 F.Supp. 521, 525 (D.Kan. 1994)) (explaining that the ALJ "must consider all the evidence when making his decision, not just the evidence that is favorable to his position").

[7]During the hearing, the ALJ requested information regarding the VA disability "reduction in '77 . . . [and] return[] to 100 percent in '97." (Tr. at 552.)  However, the only VA disability

statement from any treating or examining physician regarding the claimant's abilities or limitations during the period in question." (Tr. at 26.) That statement seems to indicate that the ALJ either ignored, or was not aware of, Dr. Glover's report. In any event, the ALJ's failure to consider all of the relevant evidence in reaching his decision constituted legal error. Accordingly, this matter should be remanded for further proceedings on this basis.

**Second Alleged Error -** *whether the ALJ failed to consider the VA disability rating*

14. Although Plaintiff alleges that the ALJ failed to consider the 1973 VA disability rating, he requests that the Commissioner consider Plaintiff's VA disability awards from 1973 through November of 1997. (See Memo at 11.) As indicated above, the ALJ should have considered the adjustment in Plaintiff's VA disability rating that occurred during the un-adjudicated time period at issue. On remand, the ALJ should also consider the history of Plaintiff's VA disability ratings, to the extent that these ratings provide information regarding Plaintiff's mental impairment during the time period at issue.

**Third Alleged Error -** *whether the ALJ provided a due process hearing*

15. Last, Plaintiff contends that the ALJ failed to provide a due process hearing, alleging that "the ALJ neglected to ask Mr. Chavez about his medical conditions, his medical treatment history, his medications, and his daily activities."[8] (Memo at 12.). Because this proceeding is

---

rating specifically mentioned in the ALJ's decision is contained in a reference to medical records from May of 1982. (Tr. at 25 (noting that Plaintiff has a "service connected disability of 60%").) Although "another agency's determination of disability is not binding on the Social Security Administration, it is evidence that the ALJ must consider and explain why he did not find persuasive." Grogan, 399 F.3d at 1262-63 (citations omitted).

[8] Plaintiff was represented by a non-attorney representative at his administrative hearing before the ALJ.

remanded on other issues, the Court need not determine at this time whether the ALJ's alleged failure to inquire into these matters denied Plaintiff a full and fair hearing.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing **[Doc. 13]** is **granted** and this cause is remanded to the Commissioner for further proceedings consistent with this opinion, to include:

(1) a rehearing to adequately consider all of the relevant evidence in determining whether Plaintiff's mental impairment is severe at step two of the evaluation process; and

(2) a consideration of the history of Plaintiff's VA disability ratings.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE